NO.  07-10-0082-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
25, 2011

 

                                            ______________________________

 

 

                                    RACHAEL
SANDERS AKA RACHAEL SMITH,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                           _______________________________

 

                      FROM THE 47TH DISTRICT
COURT OF RANDALL COUNTY;

 

                            NO. 16646-A; HON.
RICHARD DAMBOLD, PRESIDING

                                            ______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and CAMBPELL and HANCOCK, JJ.

            Rachael Sanders
a/k/a Rachael Smith (appellant) appeals an order adjudicating her guilty of
burglary of a habitation.  Through
two issues, she contends that the trial court 1) erred in admitting a videotape
and 2) abused its discretion in adjudicating her guilty.  We affirm.

 

            Appellant was initially placed on
deferred adjudication probation, and the State subsequently moved to have her
adjudicated guilty of burglary of a habitation. 
In its motion, the State alleged appellant had violated her conditions
of probation by committing a new offense, which offense consisted of using a
debit card that was not hers without permission of the owner.  As previously mentioned, appellant questions
the admission into evidence of a Walmart surveillance
video (and still pictures taken therefrom) depicting her and her daughter using a debit card to
complete a sales transaction.  No one
disputes that the debit card belonged to Darlene Nunn or that it was used,
without Nunn’s permission, to make purchases at various Walmart
stores.  According to appellant, the
video and pictures were inadmissible because the Walmart
employee who authenticated them did not personally witness the events
memorialized on them.  We disagree. 

            Rule 901 of the Texas Rules of
Evidence describes the threshold for authenticating evidence.  Tex.
R. Evid. 901; Angleton v. State, 971 S.W.2d 65, 67
(Tex. Crim. App. 1998).  This
threshold “is satisfied by evidence sufficient to support a finding that the
matter in question is what its proponent claims.”  Tex.
R. Evid. 901(a).  And, whether the trial court erred in concluding
that the threshold was met depends upon whether it abused its discretion.  Angleton
v. State, 971 S.W.2d at 67.

            Here, the sponsoring witness, Ballesteros,
was shown to be an asset protection coordinator for Walmart.  She testified that she knew how to operate
the surveillance equipment and described how it records “live” the transactions
occurring at the cash registers.  She
further stated that the data garnered from the cameras is “pull[ed] into our data and that data gets burned onto . . . our
hard drive.”  That she knew how to
download the video of a particular transaction was also mentioned.  So too did she say that she reviewed the
video in question as well as the “cameras and the angles that appear on [the]
video,” that “they accurately depict[ed] what occur[red]
during the time frames,” and that there were no “breaks or skips in the videos
as [she] watched . . . .”  Moreover,
Ballesteros knew what frames to download from the information captured via the
surveillance system by reviewing the “ticket from [the] transaction.”  That this information was enough to enable a
trial court to find the video to be what its proponent claimed it to be (a
video copy of events captured by Walmart’s
surveillance system) falls within the zone of reasonable disagreement.  Therefore, we conclude that the trial court
did not abuse its discretion in admitting it and overrule the issue.  See
Page v. State, 125 S.W.3d 640, 648-49
(Tex. App.–Houston [1st
Dist.] 2003, pet. ref'd) (finding sufficient evidence
of authentication where the sponsoring witness explained how the store’s
digital camera system worked, testified that he obtained the recorded images
from the system shortly after the robbery there at issue, reviewed the
recording with the police, copied the recording onto a videotape, gave the
videotape to the officers, viewed the videotape before trial, and concluded
that it had not been altered).  And since
appellant’s second issue was dependent upon our sustaining her first, we
overrule it as well.

            Accordingly, we affirm the judgment
of the trial court.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Do not publish.